**Randall PRATER, Plaintiff–Respondent,**

v.

**NATIONAL SUPER MARKETS, INC., Defendant–Appellant.**

**No. 54678.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 15, 1988.

Kim Roger Luther, Schoebeck, Tucker & Schoenbeck, St. Louis, for defendant-appellant.

Paul W. Johnson, St. Louis, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Randall Prater, brought an action against defendants, National Super Markets, Inc. (National) and Daniel Bub, National's employee, for injuries plaintiff sustained on the premises of one of National's stores. National appeals from the judgment in favor of plaintiff entered pursuant to a jury verdict. We affirm.

Plaintiff was a helper on a truck delivering beer for Loehr Distributing Company. While making a beer delivery to one of National's supermarkets, plaintiff was exiting the loading dock area by way of a sidewalk located next to a truck bay. He was startled by the sounding of a horn in back of him. He turned around and saw a forklift truck driven by Daniel Bub. To avoid being hit by the on-coming truck, plaintiff stepped backwards and fell off of the loading dock into a truck bay four feet deep. As a result of the fall, he sustained injuries to his right hip, right elbow, and right side. The jury found plaintiff's damages to be $6,000. The jury also assessed fault against defendant, National, at 75 percent; against defendant, Daniel Bub, at 0 percent; and against plaintiff at 25 percent.

National's sole point on appeal is that the trial court erred in overruling National's motions for directed verdict at the close of

all the evidence and for judgment notwithstanding the verdict because its failure to have a guard rail on its dock was not the proximate cause of plaintiff's injuries. National argues that the accident was caused by the action of Daniel Bub in honking the horn on the forklift truck. National further contends that whether or not plaintiff would have avoided injury had there been a guard rail next to the walkway "is a matter of speculation and conjecture."

In *Jackson v. Ray Kruse Construction Co., Inc.,* 708 S.W.2d 664 (Mo. banc 1986), the Missouri Supreme Court addressed the issue of causation. In that case, the plaintiff was a young child who was injured when she was struck by a bicycle on the parking lot adjoining the apartment building in which she lived. Plaintiff submitted the case to the jury on the claim that defendants were negligent in failing to install a speed bump in the parking lot of the apartment complex. The court found that, from the testimony of plaintiff's expert, the jury could have believed a speed bump at the place the expert suggested could have greatly reduced the chance of an accident. With regard to causation, the court stated that "[t]he law deals with probabilities." *Id.* at 668. The precipitating cause is a legally sufficient cause if it is demonstrated to be a "substantial factor" in bringing about the injury. *Id.* at 669 n. 6. "A cause which meets the substantial factor test is a cause in fact." *Id.*

In the instant case, plaintiff elected to go to the jury on the theory, *inter alia,* that National was negligent in not installing a guard rail on the sidewalk which lead outside and which was adjacent to the dropoff. Plaintiff supported his claim with the testimony of a qualified expert witness, who expressed the opinion that a guard rail adjacent to the loading dock would have prevented plaintiff from falling off the loading dock into the truck bay. With such evidence before it, the jury could have found that National was negligent in failing to install a guard rail. "It would be contrary to the course of the law for us to substitute our judgment for that of the jury as to whether the only safety precau-

tion suggested was necessary, in the exercise of due care." *Jackson,* 708 S.W.2d at 667.

Here, there was sufficient evidence to show that the lack of a guard rail was a substantial factor in producing plaintiff's injuries. This conclusion is not speculative; it is a logical and permitted inference from the evidence. The failure to install a guard rail was therefore the proximate cause of plaintiff's injuries. The jury's finding that Daniel Bub was not at fault in causing the accident is not inconsistent with its finding that National was 75 percent at fault. The trial court properly overruled National's motions for directed verdict and for judgment notwithstanding the verdict.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.